UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN M. SUMNER,

        Plaintiff,                        Case No. 2:08-cv-45

v.                                             Honorable Robert Holmes Bell

GREG MCQUIGGIN et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.       <u>Factual allegations</u>

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF), and was previously housed at the Chippewa Correctional Facility (URF). He complains of events that occurred at both facilities.

On October 13, 2004, while incarcerated at URF, Plaintiff received a major misconduct report for assaulting another inmate which resulted in serious physical injury and for possession of a weapon. On October 16, 2004, Plaintiff was found guilty of the charges and sanctioned to 60 days in detention. While in detention, Plaintiff was reclassified to administrative segregation on the basis that he required closer supervision in light of the nature of his recent misconduct. Accordingly, on December 17, 2004, Plaintiff was released from detention to administrative segregation. After a reclassification hearing, Plaintiff's security level was increased from level 4 to level 5, and he was transferred to AMF.

Plaintiff was placed in general population at AMF. After approximately two years of remaining free of misconduct reports, Plaintiff requested a reduction in his custody level. On January 5, 2007, Plaintiff received a classification screening, but his custody level remained at level 5. On May 11, 2007, Plaintiff again requested a reduction in his custody level. The request was denied, as were all of Plaintiff's later requests.

Plaintiff brings this suit against the AMF Warden and six AMF employees, asserting claims that Defendants violated his procedural due process, equal protection, and Eighth Amendment rights, as well as Michigan Department of Corrections (MDOC) policy. For relief, Plaintiff seeks compensatory and punitive damages, and an order directing Defendants to reclassify him to a lower security level.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process

Plaintiff contends that MDOC policy creates a liberty interest in his security classification. Plaintiff claims that Defendants' refusal to decrease his security classification from level 5 to level 4, although he demonstrated that he no longer fit the criteria for security level 5, violated his rights of due process. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. The Supreme Court, however, has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security level because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison

regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Newell v. Brown*, 981 F.2d 880 (6th Cir. 1992) (MDOC procedures for prisoner security classification did not create a constitutionally protected liberty interest). Plaintiff simply does not have a constitutional or state-created right to a particular security classification, *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983), or a right to be incarcerated at a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Accordingly, I recommend that Plaintiff's due process claim be dismissed.

### B.     MDOC policy

Plaintiff claims that during the classification process, Defendants violated MDOC Policy Directives 05.01.130 and 05.01.140.[1] Section 1983, however, does not provide redress for the violation of a state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to

---

[1]Prisoner security classification is governed by MICH. DEP'T OF CORR., Policy Directive 05.01.130 (effective Dec. 31, 2007). Prisoner placement and transfer is governed by MICH. DEP'T OF CORR., Policy Directive 05.01.140 (effective Dec. 19, 2003).

the level of a constitutional violation because policy directive does not create a protectable liberty interest). Therefore, I recommend that this claim be dismissed.

### C. Equal Protection

Plaintiff claims that his equal protection rights were violated when Defendants arbitrarily denied his requests for reclassification. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, Defendants' actions need only be rationally related to a legitimate governmental interest. *See United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Plaintiff does not allege that he has been treated differently from others who are similarly situated, and he provides no specific ftual allegations to support his equal protection claim. "[I]n the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *accord Dellis v.*

*Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985). I therefore recommend that Plaintiff's equal protection claim be dismissed.

### D. Eighth Amendment

Plaintiff's final claim is that Defendants' refusal to decrease his security classification from level 5 to level 4, although he no longer fits the criteria for security level 5, amounts to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348 (citation omitted). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987).

Although Plaintiff may have been denied certain privileges and subjected to stricter supervision as a security level 5 prisoner housed in a maximum security facility, he does not allege or show that he was denied basic human needs or that the conditions were otherwise intolerable. In numerous unpublished opinions, the Sixth Circuit has held that without a showing that the conditions imposed reflect the unnecessary and wanton infliction of pain, or fall beneath the minimal civilized

measure of life's necessities as measured by a contemporary standard of decency, a prisoner cannot establish an Eighth Amendment violation.  *See, e.g. Wilson v. Wilkinson*, No. 98-3717, 1999 WL 777634, at *1 (6th Cir. Sept. 17, 1999); *Morris v. Metrish*, No. 97-1624, 1998 WL 266454, at *2 (6th Cir. May 5,1998); *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1 (6th Cir. Dec. 23, 1997). Accordingly, I recommend that Plaintiff's Eighth Amendment claim be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 30, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).