UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN M. SUMNER #308071,

        Plaintiff,

                                      File No. 2:08-CV-45

v.

                                      HON. ROBERT HOLMES BELL

GREGORY MCQUIGGAN, et al.,

        Defendants.
                                      /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On June 30, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Sean M. Sumner's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 6.) Plaintiff filed objections to the R&R on July 11, 2008. (Dkt. No. 8.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of a R&R to which *specific* objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff's objections make conclusory statements about his claims and his legal rights but fail to identify any specific errors in the R&R. Plaintiff also contends that the

R&R misstates his factual allegations, but does not indicate what is mis-stated or how this saves his claims. Vague and conclusory objections to a report and recommendation do not merit review under Fed. R. Civ. P. 72(b). *See Slater v. Potter*, No. 01-1758, 28 F. App'x 512, 513 (6th Cir. Feb. 1, 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Plaintiff has also requested that the Court grant him an opportunity to amend his complaint to correct defects in the complaint. However, § 1915(e)(2) requires dismissal of the complaint and prevents the Court from allowing Plaintiff to amend his complaint to defeat dismissal. *See* 28 U.S.C. § 1915(e)(2) (providing that the court "*shall* dismiss the case") (emphasis added); *Honiz v. Hines*, No. 02-2255, 92 F. App'x 208, 212 (6th Cir. Feb. 10, 2004) (unpublished) ("Clearly § 1915 proscribes a district court from permitting a plaintiff to amend his complaint to avoid its dismissal under § 1915(e)(2) . . . .").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 8) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Sean M. Sumner's complaint is **DISMISSED** for failure to failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: <u>June 18, 2009</u>          <u>/s/ Robert Holmes Bell          </u>
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE